UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IVAN KOCAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-01669 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO IMPOSE SANCTIONS AND ISSUE PROTECTIVE ORDER<br><br>(ECF No. 10). |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The matter is at the screening phase of the proceedings.

Before this Court is Plaintiff's motion to impose sanctions and issue a protective order. ECF No. 10. For the reasons stated below, the motion will be denied.

　　I.　　MOTION FOR SANCTIONS AND PROTECTIVE ORDER

Plaintiff has filed a motion requesting the Court to impose sanctions on Defendants and to issue a protective order. ECF No. 10. In support of the motion, Plaintiff states that since he filed his complaint in November 2021, he has only received mail from this Court on three occasions. Id. at 1. For these reasons he contends a protective order against Valley State Prison – Chowchilla directing it to stop blocking his mail should be issued, as well as sanctions against

Defendants "for acting in bad faith in an attempt to cut off [his] communication with the Court." Id. at 1-2.  Plaintiff also asks that the Court send him all actions and orders that have been filed or issued in this case so that he may properly prosecute his complaint.  Id. at 2.

## II. DISCUSSION

Plaintiff's motion will be denied for a couple of reasons.  First, the matter is still in the screening phase of the proceedings.  As a result, defendants in this case have yet to be formally identified and served.  Furthermore, even if specific defendants had been formally identified and served, Plaintiff fails to establish that any of them were involved in preventing him from receiving his mail.  In short, the Court cannot issue orders over whom it has no jurisdiction.

Finally, a review of the docket in this case indicates that there has been little activity in this matter since it was filed.[1]  Despite this fact, as a one-time courtesy, the Clerk of Court will be directed to send Plaintiff a copy of the docket in this case for his records.  In addition, Plaintiff is informed that his complaint will be screened shortly.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall, as a one-time courtesy, send Plaintiff a copy of the docket in this case, and

2. Plaintiff's motion to impose sanctions and issue a protective order (ECF No. 10) is DENIED.

IT IS SO ORDERED.

Dated: __March 14, 2024__        _____/s/ Gary S. Austin_____
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] This is due to the extensive backlog of cases that exists in this District.  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).